Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CANDEL COOP. También conocida por COOPERATIVA DE AHORRO Y CRÉDITO NUESTRA SEÑORA DE LA CANDELARIA<br><br>Recurrida<br><br>v.<br><br>JUAN MERCADO APONTE<br><br>Peticionario | TA2025CE00215 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de VEGA BAJA<br><br>Caso Núm.:<br>VB2021CV00245<br><br>Sobre:<br>Cobro de dinero (ordinario) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de septiembre de 2025.

El 29 de julio de 2025, el Sr. Juan Mercado Aponte (en adelante, señor Mercado o el peticionario) presentó ante este Tribunal de Apelaciones un *Certiorari.* En este, recurre de la *Resolución y Orden* dictada en el caso de epígrafe el 10 de junio de 2025, notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja (en adelante, TPI o foro primario). Allí, el TPI declaró No Ha Lugar la *Moción sobre Embargo Ilegal y Solicitud de Desestimación (Entrada 34)* que el señor Mercado presentó.

Estudiado el legajo apelativo, en consideración al derecho aplicable que más adelante exponemos, denegamos expedir el auto de *certiorari* solicitado.

-I-

Según surge del expediente, el 5 de mayo de 2021, Candel Coop. (en adelante la recurrida) instó una demanda en cobro de dinero por la vía ordinaria contra el peticionario. Habiéndose diligenciado el

emplazamiento, el 24 de septiembre de 2021, el señor Mercado presentó *Moción Asumiendo Representación Legal y en Solicitud de Término para Contestar.* Tres días luego, la Lcda. Johanne A. Cortés Torres, solicitó el relevo de la representación legal asumida por conflicto de intereses. Una vez se sometió la solicitud de relevo de representación legal, y previo a concederla, el TPI le ordenó a la abogada proveer la dirección postal y el número de teléfono del peticionario.

Así hecho, el relevo fue concedido mediante *Orden* del 29 de septiembre de 2021, notificada el 30. Esta determinación se transcribe a continuación: "Tome conocimiento Secretaría de la dirección del demandado. Ha Lugar el relevo de representación legal. Tome conocimiento Secretaría. Tenga la parte demandada 20 días para anunciar nueva representación [legal] y contestar la demanda."[1]

Debido a que el peticionario no compareció con nueva representación legal, y a solicitud de la recurrida, el tribunal le anotó la rebeldía al señor Mercado. Posteriormente, el 25 de octubre de 2021, dictó sentencia en rebeldía en su contra.[2] Allí, se declaró Ha Lugar la demanda y se condenó a la parte demandada a "satisfacerle solidariamente a la parte demandante la suma de $18,754.96 por concepto de préstamo personal, más $5,914.80 por concepto de honorarios de abogado previamente garantizados mediante pagaré e intereses al tipo legal a razón de 4.25% a computarse sobre la cuantía de la sentencia desde la fecha en que se dicte la sentencia y hasta que ésta sea satisfecha." El 17 de diciembre de 2021, la recurrida solicitó la ejecución de sentencia.[3] El escrito que sometió con tal propósito fue acompañado con sendos proyectos de *Orden* y *Mandamiento*

---

[1] Conforme surge de la boleta de notificación, la *Orden* le fue notificada al señor Mercado a la dirección informada por la Lcda. Johanne A. Cortés Torres: Urb. Ciara de Sol 99 Calle Ciara del Norte Vega Baja, Puerto Rico 00693.  Entrada Núm. 14 de SUMAC.

[2] La *Sentencia* también le fue notificada al señor Mercado a su dirección postal. (Entrada Núm. 12 SUMAC)

[3] Este escrito, fue acompañado con el correspondiente proyecto de Orden, Mandamiento de Embargo y Señalamiento de Bienes en Ejecución de Sentencia.

*Sobre Ejecución de Hipoteca.* Además, al mismo se anejó un Señalamiento de Bienes en Ejecución de Sentencia dirigido al Alguacil del Tribunal para que este proceda al embargo de cualquier bien mueble o inmueble propiedad del demandado allí descritos.[4] El 10 de enero de 2022, se expidió el correspondiente mandamiento.

El 31 de mayo de 2024, el Alguacil Regional sometió el mandamiento expedido con un diligenciamiento negativo "ya que las partes llegaron a un acuerdo de pago." El 4 de junio de 2024, el peticionario sometió *Moción sobre Desestimación de Demanda, Nulidad de Orden de Embargo* en la que manifestó que la sentencia, la moción sobre la solicitud de anotación de rebeldía por la parte demandante o cualquier otro documento como parte de los procedimientos del Tribunal no le habían sido notificados.[5] Afirmativamente, expuso que la sentencia le fue notificada por correo electrónico a una dirección de email que no reconoce. Reclama que la notificación efectuada, violentó el debido proceso de ley por lo que solicitó la desestimación de la demanda. Habiéndosele concedido término a la recurrida para oponerse y esta hacerlo, el 26 de junio de 2024, el TPI declaró No Ha Lugar la moción de desestimación.

Así las cosas, el 2 de abril de 2025, se presentó ante el tribunal un *Certificado de Diligenciamiento del Alguacil en Embargo de Sueldo*.[6] Este documento fue acompañado de un *Requerimiento de Patrono* mediante el

---

[4] Los bienes señalados fueron: Dinero en efectivo, dinero en caja, cuentas corrientes o de ahorros en cualquier Institución Bancaria del país; Certificados de Ahorro; Certificados de Acciones, Pagarés hipotecarios o personales; dinero o bienes en caja de seguridad bancaria o personales; joyas, anillos y prendas en la persona de los demandados; cualquier automóvil, camión, motora, motocicleta, camioneta, vehículo de arrastre propiedad de la parte demandada; enseres eléctricos tales como aspiradora de polvo, máquina de brillar piso, tostadoras, mezcladoras, televisores, radios, componentes musicales, estufas, neveras, congeladores y cualquier otro equipo de la residencia, equipo de oficina tales como computadoras, impresoras, maquinillas, escritorios, sillas; botes, lanchas, motoras acuáticas incluyendo su motor, etc., establecimiento comercial o local del demandado no exento por ley, incluyendo acondicionadores de aire, consolas, abanicos, mercancía, valores en caja, créditos a su favor en los libros o en los de sus acreedores, cuentas por cobrar, sueldos, comisiones, etc.

[5] Cabe señalar que en la *Moción solicitando anotación de rebeldía y se dicte sentencia* sometida por la parte recurrida se certificó habérsele notificado el escrito a la dirección en récord del peticionario, o sea: Urb. Ciara del Sol, 99 Calle Ciara del Norte, Vega Baja, Puerto Rico 00693.

[6] Entrada 33 SUMAC.

cual el Alguacil notificó a MGP Energy Solutions que, a solicitud de la recurrida, procedía a embargar los bienes allí detallados hasta que se satisfaga la suma total de la sentencia final y firme dictada en contra del peticionario. Los bienes para embargar listados en el requerimiento fueron:

(1) El 25% de cualquier suma de dinero que le deba al demandado **Juan Mercado Aponte** por concepto de salarios, sueldos, comisiones, bonificación, o cualquier compensación por trabajo realizado.

(2) La cantidad íntegra de cualquier otra suma que no se constituya salarios, comisiones, etc. que usted le adeude o pueda adeudar al demandado **Juan Mercado Aponte**. Esto incluye, pero no se limita, a las sumas de dinero por cánones de arrendamiento, alquiler y/o estipendio que usted esté obligado a satisfacer al demandado.

(3) Cualquier activo o bien de **Juan Mercado Aponte** que usted tenga a manera de depósito.

El 22 de abril de 2025, el peticionario acudió al Tribunal mediante *Moción sobre Embargo Ilegal y Solicitud de Desestimación*. Tal como anuncia su título, reclamó que el embargo de sueldo efectuado era ilegal. También expuso que procedía desestimar la demanda. A tales efectos, allí arguyó como a continuación transcribimos:

3. Se supone que una vez se emita la orden del 21 de diciembre de 2021, la orden sobre mandamiento para la ejecución de sentencia, la secretaria del tribunal tendría 15 días para entregar la orden al alguacil para su diligenciamiento. Asumimos lo hizo el 10 de enero del 2022. Una vez en las manos del alguacil tendría 15 días para diligenciar la orden de embargo o mandamiento. El alguacil tomo constancia del diligenciamiento en el documento original del mandamiento de ejecución el día 29 de mayo del 2024 o sea dos años y 4 meses. Una violación clara a las disposiciones legales y reglamentarias todo ese proceso es nulo y no crea derecho. El Tribunal tiene la obligación de velar por los derechos tanto del acreedor como del deudor. La actuación del alguacil es nula.

4. Para los efectos de la discusión vamos asumir que la actuación del alguacil fue correcta, legal el día 29 de mayo del 2024. Desde ese día toda gestión o trámite sería final y firme por haberse cumplido con las órdenes del tribunal. Los casos y procedimientos no son eternos. Si la parte demandante tuviese alguna reclamación, tendría 30 días a partir del 29 de mayo de 2024 el beneficio de la Regla 49 de Procedimiento Civil sus alegaciones cumplen con las disposiciones de la misma o sea hasta el 20 de noviembre de 2024 mandamiento para la ejecución de la Sentencia conforme a la orden dada son nulos.

Basándose en estos planteamientos solicitó que se ordenara la devolución de cualquier dinero retenido y que se desestime el caso. La

recurrida se opuso a esta solicitud. Con ese propósito, expuso que las sentencias pueden ejecutarse en cualquier momento dentro de los cinco años de haberse dictado y que en el caso de autos todavía no ha transcurrido ese tiempo. Igualmente, manifestó no entender el reclamo de nulidad levantado por el peticionario, pues no proveyó fundamento legal específico sobre esta.

Así las cosas, el TPI ordenó la paralización de la ejecución de sentencia. Posteriormente, el 10 de junio dictó la *Resolución y Orden* recurrida. En esa, consignó el trámite procesal, así como el derecho aplicable. Acto seguido, resolvió que el plazo de 5 años que la ley establece para que la recurrida cobre su sentencia no ha vencido y que la misma debía expirar el 27 de noviembre de 2026. A su vez, señaló que el peticionario había comparecido en dos ocasiones ante el tribunal para cuestionar la ejecución de la sentencia logrando que este proceso sea paralizado, por lo que añadió el tiempo paralizado al tiempo pendiente de transcurrir para poder ejecutar la sentencia.

De otra parte, el TPI resolvió que la orden de mandamiento de ejecución no se diligenció tardíamente, **pues fue presentada dentro del término de 15 días desde diligenciada**. Además, encontró que los argumentos levantados por el peticionario en los escritos enumerados en el trámite procesal eran frívolos y temerarios, pudiendo recobrar la recurrida los honorarios de abogados incurridos, así como las costas.

El 18 de junio de 2025, el peticionario solicitó reconsideración de lo resuelto. Tras los trámites de rigor, mediante *Orden* del 30 de junio de 2025, la declaró No Ha Lugar. Inconforme, el 29 de julio del año en curso, el señor Mercado acudió ante nos y señaló la comisión de los siguientes errores:

> Erró el tribunal en la interpretación o aplicación del derecho sustantivo cuando expidió un mandamiento sobre ejecución de sentencia, el mismo se diligenció 2 años, 4 meses después de haber sido expedido violando el debido proceso de ley.

Erró el tribunal al validar un segundo embargo sobre embargo salarial después de pasado 8 meses utilizando el mismo mandamiento sobre ejecución de sentencia ya este había caducado cuando se diligenció el primer embargo. Sin notificación a la parte, ni vista en el tribunal.

Sancionar al deudor con $2,000 por temeridad.

La Regla 37 del Reglamento del Tribunal de Apelaciones, Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025), establece que los memorandos en oposición a la expedición de un auto de *certiorari* deben someterse dentro de los diez días siguientes a la notificación de la solicitud del auto. Al día de hoy, y vencido este plazo, la recurrida no ha acudido ante nos a expresarse, por lo que damos por sometido el asunto sin el beneficio de su comparecencia y procedemos a resolver.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de

Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. <u>Rivera et al. v. Arcos Dorados et al.</u>, *supra,* a la pág. 207-208.  La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. <u>800 Ponce de León v. AIG</u>, 205 DPR 163 (2020).  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[7]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. <u>Mun. de Caguas v. JRO Construction</u>, 201 DPR 703, 712 (2019).

*B.*

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V., regula el procedimiento de ejecución de sentencia. En cuanto a los pleitos de cobro de dinero, la Regla 51.2 de Procedimiento Civil, establece:

> El procedimiento para ejecutar una sentencia u orden para el pago de una suma de dinero y para recobrar las costas concedidas por el

---

[7] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  4 LPRA Ap. XXII-B, R. 40.

tribunal será mediante un mandamiento de ejecución. El mandamiento de ejecución especificará los términos de la sentencia y la cantidad pendiente de pago. Todo mandamiento de ejecución será dirigido al alguacil o alguacila para ser entregado a la parte interesada. En todo caso de ejecución, incluso aquellos en los que se realice una venta judicial, el alguacil o alguacila entregará al Secretario o la Secretaria el mandamiento debidamente diligenciado y cualquier sobrante que tenga en su poder dentro del término de quince (15) días a partir de la fecha en que se realice la ejecución. Se podrá expedir un mandamiento de ejecución en virtud de una o más sentencias y órdenes en el mismo pleito. El mandamiento de ejecución se expedirá bajo la firma del Secretario o de la Secretaria y el sello del tribunal.

**En los casos en que el diligenciamiento del mandamiento de ejecución no satisfaga completamente la sentencia o éste sea infructuoso, no será necesario expedir un mandamiento adicional.** El alguacil o la alguacila tomará inmediata constancia de cada diligenciamiento al dorso de la copia fiel y exacta del mandamiento. En los casos en que se satisfaga la totalidad de la sentencia mediante un solo diligenciamiento o cuando se trate del último diligenciamiento que satisfaga la sentencia, el alguacil o la alguacila tomará constancia del diligenciamiento en el documento original del mandamiento de ejecución. (Énfasis suplido)

El procedimiento de ejecución de sentencia en casos de cobro de dinero se divide en dos etapas. Primero, el promovente de la ejecución obtiene el mandamiento de ejecución de la secretaría del tribunal. Segundo, gestiona su diligenciamiento por el alguacil. BPPR v. SLG Gómez-López, 213 DPR 314 (2023), al citar a Komodida Dist. v. S.L.G. Sánchez, Doe, 180 DPR 167, 173-174 (2010).  Una vez se emite el mandamiento dirigido al alguacil, este lo diligencia incautándose de fondos pertenecientes al deudor por sentencia o embargando sus bienes muebles o inmuebles. **Los fondos o bienes que serán objeto de la ejecución le son señalados al alguacil por el promovente mediante un escrito denominado Señalamiento de Bienes.** *Id.*, al mencionar a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6.a ed., LexisNexis de Puerto Rico, 2017, pág. 637. (Énfasis nuestro)

De igual forma, la Regla 56 de Procedimiento Civil[8], regula los procedimientos que un demandante tiene a su alcance para asegurar la

---

[8] 32 LPRA Ap. V, R. 56.

efectividad de la sentencia que ha obtenido a su favor o que anticipa obtener. Esta lee:

> En todo pleito antes o después de sentencia, por moción de la parte reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.

El embargo autorizado por la transcrita regla puede efectuarse en bienes inmuebles, como muebles, aunque estén en posesión de un tercero, siempre que pertenezcan al demandado. BPPR v. SLG Gómez-López, *supra*, página 332, al discutir la Regla 56. Sobre estos últimos, la Regla 56.4 de Procedimiento Civil, establece que estos se embargan, incautándose de estos y dejándolos en poder de un depositario nombrado por el tribunal. *Id.*

-III-

No albergamos duda de que el *certiorari* es el vehículo adecuado para atender la cuestión planteada. Ello así, pues estamos ante una determinación interlocutoria post sentencia que solamente puede ser revisable mediante dicho recurso. De lo contrario, los dictámenes post sentencia quedarían sin posibilidad alguna de revisión apelativa. Así pues, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones post sentencia es preciso acudir a lo dispuesto en la Regla 40 de nuestro Reglamento.[9]

Establecido lo anterior, y en cuanto a los méritos de la controversia, luego de una evaluación pormenorizada del expediente al amparo del derecho aplicable arriba consignado, determinamos denegar la expedición del auto de *certiorari* solicitado por el peticionario. Los argumentos del

---

[9] BPPR v. SLG Gómez-López, *supra,* págs. 336-337 al mencionar a IG Builders et al. v. BBVAPR, 185 DPR307, 339 (2012).

peticionario no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido.

A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*. La decisión recurrida no es contraria a derecho. Por lo tanto, no intervendremos.

**IV**

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones